IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LYNN DEMETRIS JONES                                                                                                         PLAINTIFF

v.                                                    Civil No. 1:21-cv-01053

JOHNATHAN SHEROD TUBBS, Union County
Detention Center; and SHERIFF RICKY ROBERTS                                                             DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickory, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 8) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.        BACKGROUND**

Plaintiff, Lynn Demetris Jones, currently an inmate of the North Central Unit of the Arkansas Division of Correction, filed this *pro se* civil rights action under 42 U.S.C. § 1983 on October 28, 2021, in the Eastern District of Arkansas. (ECF No. 1). On November 3, 2021, the case was transferred to the Western District of Arkansas, El Dorado Division. (ECF No. 3). The Court then ordered Plaintiff to file an Amended Complaint to clarify his claims and submit a completed *in forma pauperis* ("IFP") application. (ECF No. 5).

On November 17, 2021, Plaintiff filed an Amended Complaint. (ECF No. 8). The Court granted Plaintiff's IFP application on November 22, 2021. (ECF No. 12). Plaintiff alleges he was subjected to unlawful conditions of confinement by Lieutenant Johnathan Tubbs and Sheriff Ricky

1

Roberts while he was incarcerated in the Union County Detention Center ("UCDC") between March 11, 2021, and November 12, 2021. (ECF No. 8, p. 4). Plaintiff indicates he is currently serving a sentence for an August 23, 2021, conviction. *Id.* at p. 2. He is suing Defendants in both their individual and official capacities and is seeking compensatory and punitive damages. *Id.* at p. 9.

Plaintiff describes Claim 1 as "Federal, conditions of confinement". (ECF No. 8, p. 4). Plaintiff identifies Defendants Tubbs and Roberts as the Defendants involved in the violation of his constitutional rights. He describes the facts to support his claim as follows:

> Started hearing a singular voice, started telling me to eat out the toilet, I did to out toilet paper in my anus to eat pages out of the Bible. To act and live like a savage out of my character to slow my wound on my leg from healing. And my body as of 11-12-21 9pm has been bloated, making noises from my nostrils to bring about blood in my stool.
>
> Lieutenant Tubbs was running my head and playing psychological games Rickey Roberts condones it by not knowing his official.
>
> Got me scared now that I know my dental orthopedic plates got a VIN that allows people to talk through and to me.

*Id.* at pp. 4-5. Plaintiff describes his official capacity claim as "the interception of interstate communications surveillance, spying, stalking Denying my civil rights to be left alone, goading me to assault him. Basically using my orthopedic plates as his own spying device, which is totally illegal." *Id.* at p. 5.

In Claim 2, Plaintiff describes his claim as "Conditions of Confinement". (ECF No. 8, p. 6). He identifies Defendant Tubbs as the individual who violated his rights but identifies the "ORCU. Diagnostic, Malvern Ar." as the place where the violation of rights occurred. *Id.* at pp. 5-6. Plaintiff describes the facts to support this claim as follows:

> I was seeing, hearing things due to him manipulating my ears and eyes.
>
> Lt. Tubbs was playing whirring, whizzing noises that confused me till I thought I'd kill myself to make it stop. Im still hearing and seeing thing 11-13-21 so far he hasn't turned off it so its' still on going as I write this.

*Id.* at p. 6. Plaintiff goes on to describe his official capacity claim as "A-C-A § 5-60-120… Interception and Recording of Communications". *Id.* at p. 7.

## II. LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe

the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

### III. DISCUSSION

#### A. Individual Capacity Claims

Plaintiff alleges he was subjected to unlawful conditions of confinement by Defendants Tubbs and Roberts. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a

constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875. However, courts are not concerned with *de minimis* levels of imposition on inmates. *See Bell v. Wolfish,* 441 U.S. 520, 535 (1979). Only "'extreme deprivations," meaning the denial of "the minimal civilized measure of life's necessities," are sufficient to satisfy the objective component of a conditions of confinement claim. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992).

In determining whether a complaint states plausible claims a reviewing court must draw on its experience and common sense. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007). Plaintiff's Amended Complaint is both frivolous and fails to state a claim upon which relief can be granted against Defendants Tubb and Roberts for unlawful conditions of confinement. The allegations are fanciful, absurd, and nonsensical, asserting no plausible claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (complaint subject to dismissal when no plausible claim is stated). Accordingly, I recommend Plaintiff's individual capacity claims be dismissed without prejudice.

**B. Official Capacity Claims**

Plaintiff has failed to allege plausible official capacity claims against either of the Defendants. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In

this case, Plaintiff's official capacity claims are against Defendant Tubbs and Robert's employer - Union County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a [county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish municipal liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, the Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Plaintiff fails to identify any custom, policy, or practice of Union County which violated his constitutional rights. Accordingly, I recommend Plaintiff's official capacity claims be dismissed without prejudice.

## IV.  CONCLUSION

For these reasons, it is recommended that Plaintiff's Amended Complaint (ECF No. 8) be dismissed, and all Plaintiff's individual and official capacity claims be DISMISSED WITHOUT PREJUDICE.

Adoption of these recommendations would result in the dismissal of the entire action. In that event, I further recommend the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this action would not be taken in good faith. In addition, the dismissal of this action should constitute a "strike" under 28 U.S.C. § 1915(g), and it is recommended the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation**

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this 8th day of December 2021.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE